# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    CASE NO.: 2:16-CR-102
    JUDGE GEORGE SMITH
    MAGISTRATE JUDGE VASCURA

MICHAEL VERNELL WILLIAMS,

    Defendant.

## REPORT AND RECOMMENDATION

This matter was referred the Magistrate Judge to hold a final supervised release revocation hearing. (ECF No. 15). On August 28, 2019, Defendant, represented by counsel, appeared at the hearing. The Assistant United States Attorney and the United States Probation Officer were also present. For the reasons that follow, it is recommended that Defendant's supervised release be revoked and that he be sentenced to a term of eight (8) months imprisonment. A term of supervised release is not recommended.

Defendant Michael Williams was originally sentenced on November 19, 2007, in the Southern District of West Virginia to a total of 144 months imprisonment and 4 years supervised release for possession with intent to distribute 5 grams or more of cocaine base and use of a firearm during a drug trafficking crime. Defendant has been on supervised release since April 8, 2016.

The Supervised Release Violation Report (ECF No. 4) ("the Report") alleges that Defendant has performed poorly from the start of his supervision. He has incurred three OVI convictions and struggled to maintain his sobriety. To his credit, Defendant has tried to maintain

employment while on supervised release.

The Report alleges that Defendant violated Mandatory Condition No. 1, that "Defendant shall not commit another federal, state, or local crime" and Standard Condition No. 11, that "Defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer" when he was convicted on February 21, 2018 of his third OVI conviction since being on supervised release and he failed to notify his probation officer. The probation officer only learned of the conviction after running a records check. Defendant incurred additional charges in March 2019 and July 2019, which included driving under a suspended license, obstructing justice, and resisting arrest.

The Report further alleges that Defendant violated Standard Condition No. 2, that "Defendant shall report to the probation officer as directed and shall submit a truthful and complete written report within the first five days of each month" and Standard Condition No. 6, that "Defendant shall notify the probation officer ten days prior to any change in residence or employment" by failing to report to the probation officer since March 22, 2019. His whereabouts were unknown until his arrest on July 14, 2019.

The final violation alleges that Defendant violation Special Condition No. 1, that "Defendant will participate in a program of testing, counseling and treatment for drug and alcohol abuse as directed by the probation officer." Defendant was ordered to do intensive outpatient treatment following his 3rd OVI conviction while on supervision. He began treatment on September 27, 2018, but was unsuccessfully terminated on February 28, 2019, due to lack of engagement and excessive absences.

Based upon these allegations, a warrant for Defendant's arrest was issued on August 1, 2019, and he was arrested on August 5, 2019. (ECF Nos. 4 and 11). Defendant waived his

detention hearing and preliminary hearing. (ECF Nos. 12 and 13). At the final revocation hearing, Defendant stipulated to the fact that he violated the aforementioned conditions of supervised release: Mandatory Condition No. 1; Standard Condition Nos. 2, 6, and 11; and Special Condition No. 1.

Defendant and the United States agreed that this is a Grade C violation, and based on Defendant's Criminal History Category of V, the advisory guideline range for Defendant's Violations is 7-13 months on Counts 1 and 2. The Probation Officer recommended a sentence of 10 months.

At the hearing, the Government concurred with the recommendation of the Probation Officer for a sentence of 10 months imprisonment without any additional term of supervision. Defendant's counsel requested a below-guideline sentence of six months based on Defendant's addiction his mental health conditions following his extensive jail sentence and the grief he experienced following the death of his two brothers. Defendant was given an opportunity to speak on his behalf, but declined. At the conclusion of the hearing, the Court advised Defendant of his appellate rights and the opportunity to object to the recommended sentence.

The undersigned finds a sentence on the lower end of the guidelines range is appropriate in view of the struggles Defendant has encountered as outlined by Defense counsel at the hearing. A within-guideline sentence of 8 months balances the seriousness of Defendant's violations with his remorse and struggle with alcohol and drug use following the death of family members. The undersigned recommends that no further term of supervision be imposed given Defendant's history reflecting that he is not amenable to supervision. Accordingly, it is **RECOMMENDED** that Defendant's term of supervised release be revoked, that Defendant be sentenced to a term of imprisonment of eight (8) months, and that no further term of supervision

3

be imposed.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

**DATE: August 28, 2019**               *s/ Chelsey M. Vascura*
                                        **CHELSEY M. VASCURA**
                                        **UNITED STATES MAGISTRATE JUDGE**